UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00051-GNS

PATSY MORAN et al.                                                    PLAINTIFFS

v.

KENTUCKY STATE POLICE et al.                                         DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (DN 5, 6).  The motions are ripe for adjudication.  For the reasons stated below, the motions are **GRANTED**.

## I.      STATEMENT OF FACTS AND CLAIMS

In April 2022, Defendant Kentucky State Police Trooper James Ford ("Ford") responded to a 911 call from Plaintiff Patsy Moran ("Moran") reporting that David Moran ("David"), who was her husband and a Vietnam Veteran with a history of dementia, was suicidal and threatening to kill others.  (Compl. ¶¶ 6-7, DN 1-1).  Moran alleges that she spoke to Ford and, after he retrieved a firearm from his vehicle, Ford went to the door to the house.  (Compl. ¶ 8).  During Ford's conversation with David, he purportedly told Ford to leave.  (Compl. ¶ 9).  Ford entered the residence and shot and killed David.  (Compl. ¶ 9).  Following the incident, Moran alleges that "[t]he Commonwealth of Kentucky charged . . . Ford [with] violating 'Response to Resistance Investigation,' Offense Code 03000."  (Compl. ¶ 11).

Moran filed this action in Green Circuit Court (Kentucky), individually and as the Executor of the Estate of David Moran , against Defendant Kentucky State Police ("KSP") and

Ford.  (Compl. ¶ 3).  She asserted federal claims under 42 U.S.C. §§ 1983 and 1985, and state law claims for loss of consortium, excessive execution, assault, battery, false imprisonment, and wrongful death.  (Compl. ¶¶ 13-31).

KSP and Ford removed the matter to this Court.  (Notice Removal, DN 1).  KSP and Ford move to dismiss claims based on Fed. R. Civ. P. 12(b)(1) and (6).  (Def.'s Mot. Dismiss, DN 5 [hereinafter Ford's Mot. Dismiss]; Def.'s Mot. Dismiss, DN 6 [hereinafter KSP's Mot. Dismiss]).  Fully briefed, the motion is ripe for decision.

## II.     STANDARD OF REVIEW

In general, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be addressed first before any ruling on the merits under Fed. R. Civ. P. 12(b)(6).  *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.").

Challenges to subject matter jurisdiction come in several varieties.  Facial attacks challenge a plaintiff's establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis.  *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted).  Factual attacks contest the existence of the factual prerequisites to jurisdiction.  *See id*.  As a result, the district court is empowered to resolve factual disputes affecting any jurisdictional prerequisites.  *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  A plaintiff bears the burden in both these situations.  *See Bell*, 327 U.S. at 682.

When considering a motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[] . . . ."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted).  The

courts must also accept all of a plaintiff's allegations as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, this standard is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III.    DISCUSSION

### A.    KSP's Motion to Dismiss

KSP moves to dismiss all claims asserted against it under federal and state law.  (KSP's Mot. Dismiss 2-6).

#### 1.    *Eleventh Amendment Immunity*

In seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1), KSP contends that this Court lacks subject matter jurisdiction to hear Moran's Section 1983 and 1985 claims against it. (KSP's Mot. Dismiss 3-4).  "The [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (footnote omitted).  "The Eleventh Amendment applies to state agencies as well as to the state."  *Bouqett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985) (citing *Hall v. Med. Coll. of Ohio*, 742 F.2d 299 (6th Cir. 1984)).  As this Court has noted, "[i]t is well-established that the Kentucky State Police constitutes an 'arm of the state' for Eleventh Amendment purposes."  *Tucker v. KY State Police Post #4*, No. 3:23-CV-P328-JHM, 2023 WL 6929815, at *2 (W.D. Ky. Oct. 19, 2023) (citation omitted).

"The exceptions to Eleventh Amendment immunity include:  (i) Congress may authorize such a suit under the Fourteenth Amendment; (ii) the state may voluntarily waive such immunity; and (iii) federal courts may enjoin individual state officers in their official capacities to conform with federal law."  *Ky. Mist Moonshine, Inc. v. Univ. of Ky.*, 192 F. Supp. 3d 772, 780 (E.D. Ky. 2016) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Ex parte Young*, 209 U.S. 123, 163 (1908)).  In this instance, Moran relies upon the Claims Against Local Government Act ("CALGA"), KRS 65.200 to 65.2006, in arguing that the Kentucky General Assembly has waived the defense of Eleventh Amendment immunity against KSP.  (Pl.'s Resp. Def.'s Mot. Dismiss 4-6, DN 10).

CALGA expressly applies to "local governments" and defines a "local government" as "any city incorporated under the law of this Commonwealth, the offices and agencies thereof, any county government or fiscal court, any special district or special taxing district created or controlled by a local government."  KRS 65.200(3).  For Moran's argument to prevail, KSP would have to meet the definition of "local government."  As a sister court has noted, however, it is well-settled that:

> The KSP is a statutorily-created department within the Justice and Public Safety Cabinet tasked with statewide law enforcement jurisdiction.  *See* K.R.S. § 16.060.  Further, its budget is funded by the Kentucky General Assembly.  *See* K.R.S. § 16.050(1).  Thus, the KSP is unquestionably an arm of the executive branch of the Kentucky state government.

*Colebrook v. Ky. Dep't of Motor Vehicle Enf't*, No. 08-110-DLB, 2009 WL 536600, at *6 (E.D. Ky. Mar. 3, 2009).  Thus, KSP is not a local government, and CALGA is inapplicable.  Instead, KSP is part of the executive branch of the Commonwealth of Kentucky and cannot be sued under Sections 1983 and 1985 due to Eleventh Amendment immunity.  *See id.*  Moran's Section 1983 and 1985 claims against KSP are therefore barred by immunity, and this Court lacks jurisdiction

over these claims. *See Young v. Hicks*, No. 5:19-CV-200-TBR, 2021 WL 3872061, at *11 (W.D. Ky. Aug. 30, 2021) ("[T]he KSP is an arm of the executive branch of the Commonwealth of Kentucky. Because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under § 1983, the KSP is not amenable to damage claims arising from alleged violations of federal civil rights."  (internal citation omitted) (citation omitted)).

### 2.  *Section 1983 and 1985 Claims*

Even if Eleventh Amendment immunity did not preclude the exercise of jurisdiction over Moran's federal claims against it, KSP contends that it is not a "person" and therefore not subject to any liability under Section 1983 or 1985.  Both statutes use the same definition for "person", and the Commonwealth of Kentucky and KSP are not "persons" liable under either Section 1983 or 1985.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (stating that the definition of a "person" is the same for both statutes); *see also An-Ti Chai v. Mich. Tech. Univ.*, 493 F. Supp. 1137, 1164 (W.D. Mich. 1980) ("Sections 1983 and 1985(3) are in pari-materia and should be similarly treated for purposes of determining who is and who is not a proper defendant . . . ."  (footnote omitted) (citing *Bosely v. City of Euclid*, 496 F.2d 193 (6th Cir. 1974); *Veres v. Cnty. of Monroe*, 364 F. Supp. 1327 (E.D. Mich. 1973), *aff'd*, 542 F.2d 1177 (6th Cir. 1976)).  Accordingly, Moran has failed to state a claim against KSP under either Section 1983 or 1985.

### 3.  *Sovereign Immunity*

Finally, KSP seeks dismissal of the state claims asserted against it due to sovereign immunity.  (KSP's Mot. Dismiss 4-5).  Moran has asserted tort claims against KSP, and the

Kentucky Supreme Court has held that "a state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (citation omitted).  KSP "is tasked with enforcement of the law, a governmental function, and is, thus, entitled to immunity." *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2015 WL 3916150, at *2 (E.D. Ky. June 25, 2015) (citing *Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014)); *see also Todd v. Duvall*, No. 18:126-HRW, 2019 WL 2353243, at *3 (E.D. Ky. June 3, 2019) ("There is no question that the Kentucky State Police is a part of central State government, performs a governmental function, and is controlled, directed, and funded by central State government.  The Kentucky State Police is an entity of state government and claims against it or its Troopers or Commissioner in their official capacities are claims against the Commonwealth.  There is no waiver of immunity here and the relief sought is damages; therefore, no exception applies.").  Thus, Moran's state law claims against KSP are also dismissed.

### B.  <u>Ford's Motion to Dismiss</u>

Ford moves to dismiss the claims asserted against him in both his official and individual capacities.  (Ford's Mot. Dismiss 3-6).

#### 1.  *Official Capacity*

Both federal and Kentucky law recognize that an official capacity claim is actually a claim against the individual's employer.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'  *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978).  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against

the entity." (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985))); *Commonwealth v. Harris*, 59 S.W.3d 896, 899 (Ky. 2001) ("[T]he official capacity claims are in essence . . . claims against the county."). Because the federal and state law claims against KSP are barred, any claim asserted against Ford in his official capacity must be similarly dismissed. *See Graham*, 473 U.S. at 169 ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity. That is so because . . . 'a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents . . . .'" (internal footnote omitted) (internal citations omitted) (citation omitted)); *Trent v. Huff*, No. 14-241-DLB-HAI, 2015 WL 4875330, at *2 (E.D. Ky. Aug. 13, 2015) ("'If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity.' Because '[t]he prevention of crime is a purely governmental function,' the Kentucky State Police, and by extension Couch in his official capacity, are immune from Trent's state-law claims." (alteration in original) (internal citations omitted) (citations omitted)). Ford's motion to dismiss the official capacity claims against him is granted on this basis.

### 2. *Individual Capacity*

Ford is also sued in his individual capacity and seeks dismissal of three of the claims asserted against him. (Compl. ¶ 5; Ford's Mot. Dismiss 4-6). In particular, he seeks dismissal of the following claims: (i) conspiracy to violate Moran's civil rights under Section 1985; (ii) claims of loss of consortium under Sections 1983 and 1985; and (iii) excessive execution under state law. (Ford's Mot. Dismiss 3-6).

####     a.      Conspiracy

Moran's conspiracy claim is premised on Section 1985.  (Compl. ¶¶ 23-24).  In relevant

part, the statute provides:

> If two or more persons in any State or Territory conspire . . . , for the purpose of
> depriving, either directly or indirectly, any person or class of persons of the equal
> protection of the laws . . . , the party so injured or deprived may have an action for
> the recovery of damages occasioned by such injury or deprivation, against any
> one or more of the conspirators.

42 U.S.C. § 1985(3).  By its terms, the statute requires two or more persons for any conspiracy.

*See Irizarry v. Palm Springs Gen. Hosp.*, 657 F. Supp. 739, 741 (S.D. Fla. 1986) (citing *Francis-*

*Sobel v. Univ. of Me.*, 597 F.2d 15, 17 (1st Cir. 1979); *Powell v. Workmen's Comp. Bd. of State*

*of N.Y.*, 327 F.2d 131, 137 (2d Cir. 1964)).  The only other party named in the Complaint is KSP,

and as discussed above, KSP does not constitute a person under this statute.  *See Will*, 491 U.S.

at 64; *Small*, 398 F.3d at 898; *An-Ti Chai*, 493 F. Supp. at 1164; *see also Jackson v. City of*

*Cleveland*, 925 F.3d 793, 817 (6th Cir. 2019) ("The intracorporate conspiracy doctrine, which

states that if 'all of the defendants are members of the same collective entity, there are not two

separate "people" to form a conspiracy,' has been applied to 42 U.S.C. § 1985(3) by this court."

(citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994))).

Accordingly, Moran has failed to state a conspiracy claim under Section 1985, and this claim

against Ford is dismissed.[1]

---

[1] Moran asserts that she did not name other persons because she did not know their identities.
(Pl.'s Resp. Ford's Mot. Dismiss 5-6).  To the extent that discovery yields the identifies of such
persons, Moran may timely seek leave to amend the Complaint in accordance with the applicable
scheduling order.

**b.    Loss of Consortium**

Ford also moves to dismiss Moran's loss of consortium claim to the extent that it is premised on either Section 1983 or 1985.[2]  (Ford's Mot. Dismiss 4-5).  "A § 1983 claim 'is entirely personal to the direct victim of the alleged constitutional tort.'"  *Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000)).  As the Sixth Circuit has stated, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members."  *Claybrook*, 199 F.3d at 357 (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)).

Neither party cites any authority as to whether Section 1985 recognizes a derivative claim for loss of consortium, but Ford asserts that a loss of consortium claim fails under Section 1985 for the same reason as Section 1983.  (Ford's Mot. Dismiss 4-5).  Because Moran has failed to state a Section 1985 claim, as discussed above, the derivative claim for loss of consortium must also fail.

Thus, Moran has failed to state a claim for loss of consortium under either Section 1983 or 1985.  These claims are dismissed.

---

[2] Contrary to Moran's response, Ford does not seek dismissal of the loss of consortium claim under state law.  (Ford's Mot. Dismiss 4; Pl.'s Resp. Def.'s Mot. Dismiss 4, DN 9 [hereinafter Pl.'s Resp. Ford's Mot. Dismiss]).

### c.  Excessive Execution

Finally, Ford seeks dismissal of the claim of excessive execution, which is one of many state law claims referenced in Count III of the Complaint.  As a sister court has noted, no Kentucky court has recognized such a claim but stated:

> It was, however, a claim made by a plaintiff in a § 1983 case, *Ferguson v. City of Louisville*, 199 F. Supp. 2d 625 (W.D. Ky. 2002).  The Court there, however, gave no consideration to the claim, and it was not mentioned again in the opinion. The term appears in *Black's Law Dictionary* (8th ed. 2004), as "an exercise of a power of appointment exceeding the limits (express or statutory) set on the use of power."  The term has been used in Kentucky in only one other case, describing execution of power over an estate.  *Johnson v. Yates' Devisees*, 39 Ky. 491 (Ky. 1839).  [E]xcessive execution is not a valid tort claim recognized by Kentucky law . . . .

*Simms v. City of Harrodsburg*, No. 06-CV-104-JMH, 2007 WL 2792174, at *6 (E.D. Ky. Sept. 21, 2007).  This Court has reached the same conclusion.  *See Phillips v. McCollum*, No. 4:11-CV-00066-JHM, 2012 WL 435766, at *14 (W.D. Ky. Feb. 9, 2012).

In her response, Moran cites no authority to the contrary establishing Kentucky's recognition of this tort.  Instead, Moran attempts to recharacterize her excessive execution claim as a claim of excessive force.  (Pl.'s Resp. Ford's Mot. Dismiss 7).  The Complaint, however, does not state such a claim, and the Court declines to accept this recharacterization.  Ford's motion is granted as to the excessive execution claim.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.  Defendant's Motion to Dismiss (DN 5) is **GRANTED**.  Plaintiff's official capacity claims against Defendant James Ford are **DISMISSED**.  In addition, Plaintiff's claims against Defendant Ford in his individual capacity for conspiracy under 42 U.S.C. § 1985, loss of

consortium under 42 U.S.C. §§ 1983 and 1985, and the state law tort of excessive execution are

**DISMISSED**.  All other claims against Defendant Ford remain pending.

2.      Defendant's Motion to Dismiss (DN 6) are **GRANTED**, and Plaintiff's claims

against Defendant Kentucky State Police are **DISMISSED**.

Greg N. Stivers, Chief Judge

United States District Court

January 9, 2024

cc:      counsel of record

11